IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CRETE CARRIER CORPORATION, | ) | Case No.: 8: 24-cv-118 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR** |
| v. | ) | **DISTRIBUTION OF** |
| | ) | **THIRD-PARTY** |
| CRAIG TROTTER | ) | **SETTLEMENT** |
| | ) | **PROCEEDS** |
| Defendant, | ) | |

COMES NOW, Plaintiff, CRETE CARRIER CORPORATION, by and through its undersigned attorney, and for its Complaint states and alleges as follows:

1. Plaintiff, Crete Carrier Corporation (hereinafter "Crete Carrier"), is a domestic corporation, incorporated under the laws of the State of Nebraska, with its principal place of business at 400 NW 56th Street, Lincoln, Nebraska 68528.

2. Defendant, Craig Trotter, is a citizen of the State of Florida, and former employee of Crete Carrier.

3. The controversy is between parties of different States and exceeds a value of $75,000.00. Accordingly, this Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1).

4. Venue is proper under to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in this District, including Crete Carrier's principal place of business, Trotter's employment in the District, and Plaintiff's payment of workers' compensation benefits under Nebraska law that give rise to its claim for subrogation.

5. In a case involving diversity jurisdiction, the substantive law of the forum state is applied. *Principal Nat'l Life v. Rothenberg*, 70 F.4d 1046, 1052 (8th Cir. 2023).

6. On May 10, 2022, Trotter was injured in an accident arising out of his employment in Livingston County, Kentucky. Crete Carrier accepted Trotter's claim for workers' compensation benefits and made payments to, or on behalf of Trotter, totaling no less than $77,288.12.

7. Trotter made a third-party personal injury claim arising out of the May 10, 2022, motor vehicle collision, alleging damages caused solely by the negligence of another driver, who was operating a truck as a Fed Ex Corporation subcontractor. The liability of FedEx Corporation and its subcontractor was not disputed.

8. On December 14, 2023, a mediation was held between Trotter and FedEx Corporation, and a settlement agreement was reached in the amount of Eight Hundred Seventy-Five Thousand Dollars and 00/100 ($875,000.00). Plaintiff was not a party to the mediation but does not object to the fairness or reasonableness of the settlement amount.

9. On January 18, 2024, Trotter's Complaint against Crete Carrier in the Nebraska Workers' Compensation Court was dismissed without prejudice. Trotter has not settled his workers' compensation claim, which therefore remains open subject to the 2-year statute of limitations in Neb. Rev. Stat. § 48-137.

10. Crete Carrier Corporation has made workers' compensation payments on Trotter's representation of his injuries, in the amount of $77,288.12. Accordingly, Crete Carrier has a subrogation right to Trotter's personal injury claim arising out of the May 10, 2022, accident under Neb. Rev. Stat. § 48-118.

11. Having not been named as a party by Trotter to his personal injury lawsuit – in contravention of Neb. Rev. Stat. § 48-118.01 – Crete Carrier is unaware of the nature of Defendant's legal actions in Florida, including whether a lawsuit was dismissed with prejudice. Nonetheless, Defendant's Florida personal injury attorney is holding One Hundred Thousand and 00/100 Dollars

($100,000.00) from the third-party settlement in trust to satisfy Crete Carrier's subrogation interest for past payment of workers' compensation benefits.

FIRST CLAIM FOR RELIEF
EQUITABLE DISTRIBUTION OF SETTLEMENT
PROCEEDS UNDER NEB. REV. STAT. §48–118.04(2)

12. Plaintiff's right to subrogation against third-party settlement proceeds under Nebraska law is set forth in Neb. Rev. Stat. §48–118, which states, in pertinent part:

> "When a third person is liable to the employee or to the dependents for the injury or death of the employee, the employer shall be subrogated to the right of the employee or to the dependents against such third person. The recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his or her dependents should have been entitled to recover."

Neb. Rev. Stat. §48–118. See also *Nekuda v. Waspi Trucking, Inc.*, 388 N.W.2d 438, 441 (Neb.1986)("Section 48–118 provides that where a third party is held liable for the injuries or death of an employee, while that employee was in the course and scope of his employment, then the employer is subrogated, to the extent of his liability under the Nebraska Workmen's Compensation Act, for any amounts recovered from that third party.")

13. Neb. Rev. Stat. § 48–118 "was enacted for the benefit of the employer" and "the policies behind the Act favor a liberal construction in favor of the employer's statutory right to subrogate against culpable third parties". *Kroemer v. Omaha Track Equipment, L.L.C.*, 898 N.W.2d 661, 665 (2017). The right to subrogation is based on two premises: (1) A wrongdoer should reimburse an insurer for payments that the insurer has made to its insured, and (2) an insured should not be allowed to recover twice from the insured's insurer and the tort-feasor." *Countryside Co-op. v. Harry A. Koch Co.*, 790 N.W.2d 873 (2010).

14. If the employer and employee cannot agree, in writing, to the distribution of a third-party settlement, "the court, upon application, shall order a fair and equitable distribution of the proceeds of any judgment or settlement." Neb. Rev. Stat. §48–118.04(2).

15. Pursuant to Neb. Rev. Stat. § 48–118.04(2) and 28 U.S.C. § 1332(a)(1), Plaintiff requests an Order that Crete Carrier is entitled to subrogation against Trotter's third-party settlement, and further Order that Trotter reimburse Crete Carrier $77,288.12 for past workers' compensation benefits paid.

SECOND CLAIM FOR RELIEF
PLAINTIFF'S CREDIT FOR FUTURE BENEFITS
UNDER NEB. REV. STAT. §48–118

16. In the event an employee's third-party tort recovery exceeds the current worker's compensation benefits paid, Neb. Rev. Stat. § 48–118 allows for the application of a credit against future benefits, stating:

> "Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents and shall be treated as an advance payment by the employer."

Neb. Rev. Stat. §48–118. See also *Thomas v. Lincoln Pub. Sch.*, 972, 622 N.W.2d 705, 710 (2001)("There is no question that when there is a recovery from a third-party tort-feasor, the employer is entitled to credit against future workers' compensation liability for the tort recovery".)

17. As a result of Trotter's $875,000.00 third-party settlement, Plaintiff entitled to a credit for any future payments of compensation, including indemnity and medical benefits. Applying a credit of $77,288.12 for equitable distribution pursuant under § 48–118.04(2), Plaintiff requests an Order of the amount $797,711.88 be treated as an advance payment by the employer on account of any future installments of compensation.

WHEREFORE, Plaintiff respectfully requests an Order that the Plaintiff is subrogated to Defendant's $875,000.00 third-party settlement proceeds and entitled to reimbursement in the amount of $77,288.12 for past payment of benefits, and a credit under Neb. Rev. Stat. § 48-118 in the amount of $797,711.88.

CRETE CARRIER CORPORATION, Plaintiff

By: s/ Daniel P. Lenaghan
    Daniel P. Lenaghan
    Nebraska Bar #23199
    Attorney for Plaintiff
    Mooney Lenaghan Westberg Dorn, LLC
    450 Regency Pkwy, Suite 320
    Omaha, NE 68114
    (402) 218-1168